# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MARGARET PETERS, ADMINISTRATOR ) <br> OF THE ESTATE OF DOUGLAS YON, ) <br> JR., DECEASED )    CASE NO. <br> 7012 Gertrude Avenue ) <br> Cleveland, Ohio  44105 ) <br> ) <br>        *Plaintiff*, )    JUDGE <br> ) <br>    **v.** ) <br> ) <br> CITY OF KENT, OHIO )    **COMPLAINT** <br> 215 East Summit St. )    **(*Jury Demand Endorsed*** <br> Kent, Ohio 44240 )    ***Herein*)** <br> ) <br> **-and-** ) <br> ) <br> KENT OHIO POLICE DEPARTMENT ) <br> 319 S. Water St. ) <br> Kent, Ohio  44240 ) <br> ) <br> **-and-** ) <br> ) <br> MICHELLE A. LEE, Chief ) <br> Kent Ohio Police Department ) <br> 319 S. Water St. ) <br> Kent, Ohio  44240 ) <br> INDIVIDUALLY AND IN HER ) <br> OFFICIAL CAPACITY AS CHIEF OF ) <br> KENT OHIO POLICE DEPARTMENT ) <br> ) <br> **-and-** ) <br> ) <br> MICHAEL CARNAHAN ) <br> Kent Ohio Police Department ) <br> 319 S. Water St. ) <br> Kent, Ohio 44240 ) <br> INDIVIDUALLY AND IN HIS ) <br> OFFICIAL CAPACITY AS A KENT ) <br> OHIO POLICE OFFICER ) <br> ) <br> **-and-** ) <br> ) <br> BENJAMIN DARRAH ) <br> Kent Ohio Police Department ) | |

```
319 S. Water St.                      )
Kent, Ohio 44240                      )
INDIVIDUALLY AND IN HIS               )
OFFICIAL CAPACITY AS A KENT           )
OHIO POLICE OFFICER                   )
                                      )
```
**-and-**                             )
                                      )
```
SEAN DRISCOLL                         )
Kent Ohio Police Department           )
319 S. Water St.                      )
Kent, Ohio 44240                      )
INDIVIDUALLY AND IN HIS               )
OFFICIAL CAPACITY AS A KENT           )
OHIO POLICE OFFICER                   )
                                      )
```
**-and-**                             )
                                      )
```
DOMINIC POE                           )
Kent Ohio Police Department           )
319 S. Water St.                      )
Kent, Ohio 44240                      )
INDIVIDUALLY AND IN HIS               )
OFFICIAL CAPACITY AS A KENT           )
OHIO POLICE OFFICER                   )
                                      )
```
**-and-**                             )
                                      )
```
JOHN AND/OR JANE DOES NOS. 1          )
THROUGH 10                            )
Names and addresses unknown and       )
undiscoverable at this time           )
                                      )
        Defendants.                   )
```

## I.   INTRODUCTION

1.   This civil rights, wrongful death, and state action case challenges the fatal shooting of the Decedent, Douglas Yon, Jr., which occurred on or about December 17, 2015. Defendants Dominic Poe, Sean Driscoll, Benjamin Darrah, and Michael Carnahan (hereinafter "Officer Defendants") responded to a 911 call at or

2

around 626 Virginia Ave., Kent, Ohio 44240, and, upon arrival, shot Decedent without cause and without adequate investigation, resulting in his death. The Officer Defendants acted below the standards for the use of force, including deadly force.  In addition, Defendants Kent Ohio Police Department and Chief Michelle A. Lee failed to establish appropriate standards for responding to 911 calls of the nature at issue herein. As a result of the conduct of the Defendants, the Decedent died on December 17, 2015.  The Decedent's suffering and death were foreseeable and preventable.  This action is brought by Margaret Peters, Administrator of the Estate of Douglas Yon, Jr. to seek fair compensation and to ensure that future response to 911 calls and arrests are performed consistent with constitutional limits on the use of force.

## II.  JURISDICTION

2. Plaintiff hereby incorporates paragraph 1 as though fully set forth herein.

3. Jurisdiction over these claims is instituted under the Civil Rights Act of 1871 and is conferred upon this Court by 28 USC Sections 1331, 1343(3) and (4).  Jurisdiction over the state law claims is conferred by 28 U.S.C. Section 1367. Venue is proper in this division.

### III. PARTIES

4.   Plaintiff hereby incorporates paragraphs 1 through 3 as though fully set forth herein.

5.   Plaintiff Margaret Peters is the Mother of Douglas Yon, Jr. and is the duly authorized and acting Administrator of the Estate of Douglas Yon, Jr.  This action is also brought for the benefit of his next of kin and heirs.

6.   Defendant Kent Ohio Police Department is a subdivision of a unit of local government organized under laws of the State of Ohio.  Defendant Kent Ohio Police Department is also a "person" under 42 U.S.C. Section 1983 and at all times relevant to this case acted under color of law.

7.   Defendant Michelle A. Lee, at all times relevant to this action, was a police officer employed by Kent Ohio Police Department, serving as the Chief of that Department at all times relevant.  Defendant Lee is a "person" under 42 U.S.C. Section 1983 and at all times relevant to this case acted under color of law.  She is a Defendant in this matter in her individual and official capacity and was the policy maker with respect to practices and protocol of the Kent Ohio Police Department.

8.  Defendants Dominic Poe, Sean Driscoll, Benjamin Darrah, and Michael Carnahan, at all times relevant, were police officers employed by Kent Ohio Police Department. Defendants are all a "person" under 42 U.S.C. Section 1983 and at all times relevant to

4

this case acted under color of law. They are Defendants in this matter in their individual and official capacity.

9. Defendant Kent, Ohio is a unit of local government organized under laws of the State of Ohio. Defendant Kent is a "person" under 42 U.S.C. Section 1983 and at all times relevant to this matter acted under color of law.

10. Defendants, John and/or Jane Does 1 through 10 (hereinafter "Doe Defendants") are individuals who individually or in concert with other Defendants were responsible for Decedent's death and/or were policy makers responsible for establishing procedures and protocol at the Kent Ohio Police Department. At this time these persons are not known to Plaintiff but will be named when they are discovered.

### IV. FACTS

11. Plaintiff hereby incorporates paragraphs 1 through 10 as though fully set forth herein.

12. At all times relevant herein, Douglas Yon Jr., Decedent, was a twenty-five year old male temporarily staying at a residence at or around 626 Virginia Ave., Kent, Ohio 44240.

13. At all times relevant herein, the residence located at 626 Virginia Ave., Kent, Ohio 44240 was primarily inhabited by some of Decedent Yon's extended family members.

14. On or about December 17, 2015, Kent Ohio Police Department received a 911 call requesting dispatch to 626 Virginia

Ave., Kent, Ohio 44240, in which the caller requested police to assist in removing the caller's cousin, Decedent Yon, from the residence. During this call, the caller notes that Decedent Yon is holding a machete.

15. Upon information and belief, Decedent Yon exited the residence, holding the machete at his side and pointed toward the ground; the Officer Defendants were on the scene at some point soon before or soon after Decedent Yon exited the residence.

16. Upon information and belief, at no time did Decedent Yon raise the machete or threaten the Officer Defendants.

17. Upon information and belief, the Officer Defendants, without requesting Decedent Yon drop the machete or giving Decedent Yon any warning, opened gunfire on Decedent Yon, hitting Yon at least eleven (11) times and possibly more, including at least one shot in the head classified as rapidly fatal by the Medical Examiner.

18. Upon information and belief, the time elapsed between Decedent Yon exiting the residence at 626 Virginia Ave., Kent, Ohio 44240, and the Officer Defendants opening fire was approximately fifteen (15) to twenty-five (25) seconds.

19. As a result of the Officer Defendants shooting Yon, he died at the scene.

6

20. All Defendants acted negligently, recklessly, wantonly, willfully, knowingly, intentionally and with deliberate indifference to Decedent, Douglas Yon, Jr.

20. The conduct of Defendants shocks the conscience and violates all standards of decency and betrays the trust that the public places in police officers and police departments.

21. The training and supervision provided by Kent Ohio Police Department to the Officer Defendants in this case was negligent and deliberately indifferent to the safety of the citizens who are at risk of being shot to death by officers.

22. All Defendants actions and omissions directly and/or proximately caused Decedent Yon to endure great pain and suffering, permanent injury, and wrongful death, and caused injuries and damages to Plaintiff and Decedent Yon's beneficiaries including, but not limited to, grief, severe emotional distress, and expenses including funeral bills and other expenses.

**FIRST CAUSE OF ACTION – 42 U.S.C. SECTION 1983**

23. Plaintiff hereby incorporates paragraphs 1 through 22 as though fully set forth herein.

24. This is an action brought against Defendant Kent Ohio and Defendant Kent Ohio Police Department and the Officer Defendants in their individual capacity and the Doe Defendants in their individual capacity.

25. At all times relevant, the Officer Defendants and Doe Defendants were employees of Defendant Kent Ohio Police Department and acting within the course and scope of their employment, acting under color of law.

26. Defendants, individually and collectively, have under color of law deprived Plaintiff and Decedent of the rights, privileges and immunities secured by the United States Constitution including but not limited to the right to be free from excessive force and the right to life by shooting Decedent Yon to death.

## SECOND CAUSE OF ACTION – ASSAULT AND BATTERY

27. Plaintiff hereby incorporates paragraphs 1 through 26 as though fully set forth herein.

28. This is an action brought against the Officer Defendants and Doe Defendants in their individual capacity based upon the intentional torts battery and assault.

29. The Officer Defendants, acting with bad faith or malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, intending to cause harmful or offensive bodily contact, caused intentional and malicious force to be applied against Decedent Yon when they discharged their firearms and shot Decedent Yon.

30. The Officer Defendants and Doe Defendants actions proximally and actually caused the intentional, harmful, and

offensive touching of Plaintiff's Decedent's body without his consent, resulting in great bodily harm and ongoing damages to Decedent Yon and Plaintiff.

### THIRD CAUSE OF ACTION – WRONGFUL DEATH

31. Plaintiff hereby incorporates paragraphs 1 through 30 as though fully set forth herein.

32. Defendants' collective actions directly and proximately caused the wrongful death of Decedent Yon resulting in damages under the Ohio Wrongful Death Statute.

### FOURTH CAUSE OF ACTION – NEGLIGENCE AND WILFUL MISCONDUCT BY OFFICER DEFENDANTS

33. Plaintiff hereby incorporates paragraphs 1 through 32 as though fully set forth herein.

34. The Officer Defendants failed to ensure they respond appropriately to and use reasonable care in responding to the 911 call at issue. This conduct deviated from the Defendants' requisite standard of care in violation of Ohio law.

35. The Officer Defendants acted in a reckless, willful manner and breached their duty to Decedent Yon during their response to the 911 call, causing his injury and death.

### FIFTH CAUSE OF ACTION – NEGLIGENCE (KENT, OHIO)

36. Plaintiff hereby incorporates paragraphs 1 through 35 as though fully set forth herein.

37. This action is brought against Defendant Kent, Ohio based upon its own negligence and for the negligence of Kent

9

Ohio Police Department officers, including the named and John Doe defendants, under the doctrine of respondeat superior.

38. At all times relevant, Kent Ohio Police Department Officers were employees/agents of Defendant Kent and acting within the course and scope of their employment. Defendant Kent by and through Defendant Lee, as Chief, acted as final policy maker and final authority for Kent Ohio Police Department.

39. Defendant Kent Ohio Police Department owed a duty to Plaintiff's Decedent to act in a prudent and reasonable manner with regard to their health and safety.

40. Kent, Kent Ohio Police Department, and/or its' officers, including the Doe defendants, breached the duty owed to Plaintiff's Decedent by, including but not limited to: failing to properly train Kent Ohio Police Department Officers, failing to properly supervise Kent Ohio Police Department officers, failing to properly train Kent Ohio Police Department officers, failing to properly apprise themselves of the situation to which they were responding and failing to use the proper level of force, failing to promulgate reasonable policies and procedures and/or promulgating unreasonable policies and procedures, and/or promulgating and/or ratifying unreasonable customs and practices.

41. Defendant Kent, Kent Ohio Police Department, Kent Ohio Police Department officers (including the names and Doe

defendants) actions and omissions were unreasonable and actually and proximately caused the permanent and ongoing injuries suffered by Decedent and Plaintiff.

### SIXTH CAUSE OF ACTION – NEGLIGENCE (OFFICER DEFENDANT AND DOE DEFENDANTS)

42. Plaintiff hereby incorporates paragraphs 1 through 41 as though fully set forth herein.

43. This action is brought against the Officer Defendants and Doe Defendants for their own negligence.

44. The Officer Defendants and Doe Defendants owed a duty to Plaintiff's Decedent to act in a prudent and reasonable manner with regard to his health and safety.

45. The Officer Defendants and Doe Defendants breached the duty owed to Plaintiff's Decedent by, including but not limited to: failing to properly apprise themselves of the situation upon arriving at the scene, failing to properly assess levels of threat, failing to properly use verbal commands, failing to properly identify oneself as an officer, and wrongfully opening fire on Decedent Yon.

46. The Officer Defendants and Doe Defendants' actions and omissions were unreasonable and actually and proximately cause the permanent and ongoing injuries and damages sustained by Decedent and Plaintiff.

**JURY DEMAND**

Plaintiff hereby demands a Trial by Jury of all the issues.

**PRAYER**

Plaintiff, Estate of Douglas Yon, Jr., has ongoing and continuous permanent damages and injuries including death, and as such is entitled to recovery, including but not limited to: compensation for severe bodily injury, death; loss of earnings and net accumulations; conscious pain and suffering; punitive damages; award of reasonable attorneys' fees and costs to Plaintiff on Federal 1980 Counts; and any and all other further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff demands that Plaintiff be awarded both compensatory and punitive damages in excess of one-hundred thousand dollars ($100,000), as well as attorneys' fees and costs, pre- and post-judgment interest and additional relief as this Court deems just and proper.

Respectfully submitted,

*/s/ William J. Novak*
WILLIAM J. NOVAK (0014029)
**NOVAK, LLP**
Hoyt Block Building
700 West St. Clair Ave., Ste. 418
Cleveland, Ohio 44113
Telephone: (216) 781-8700
Facsimile: (216) 781-9227
Email: william@novak-law.com
*Attorney for Plaintiff*